IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT

DALLAS DIVISION

| | |
|---|---|
| JIMMY JACKAI<br>PLAINTIFF | )<br>)<br>)<br>) |
| VS. | ) CASE NUMBER _____<br>) |
| AFFIRMATIVE SERVICES, Inc.<br>CLARENCE PHILIP SEINEN<br>DEFENDANTS | ) **3-13CV3594-L**<br>)<br>)<br>) |

## ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jimmy Jackai hereinafter referred to as Plaintiff, complaining of Affirmative Services, Inc. hereinafter referred to as Defendant, and for cause of action would respectfully show the court as follows:

A. Preliminary Statement

1. This action seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages, and costs and attorney's fees for age, racial, national origin and retaliatory discrimination suffered by Plaintiff Jimmy Jackai (hereinafter "Jackai") due to the hiring and working environment created by Defendants (hereinafter "Affirmative Services, Inc.") which is hostile to African/black persons having a national origin outside of the United States in the case of Jackai; and intentional or negligent infliction of emotional distress suffered by Jackai in his treatment while seeking and employed by Affirmative Services, Inc.

1

### B   Jurisdiction

2. This action arises under the age discrimination in employment act of 1967, as amended, 29 USC section 621 et seq.; the Fair labor standard Act, 2 USC section 216; Reconstruction Era civil Rights Act, 42 USC section 1981, as amended; Title VII of the Civil Rights Act of 1964, 42 USC section 2000e et,; the Civil Rights acts of 1991, 42 USC section 1981; and the common law of state of Texas

3. Jurisdiction over the federal claims is invoked pursuant to 28 USC section 1343(4); 29 USC sections 216(b), 626(c)(1) and 42 USC section 2000e-5(f); and over the state law pursuant to the doctrine of pendant or supplemental jurisdiction.

4. Jurisdiction over the federal claims is appropriate because on June 10, 2013, Jackai filed timely charges with the EEOC and the Texas Commission on Human Rights regarding discrimination and on the same day the EEOC/Department of Justice issued its Notice of Right to Sue. The notice of the charge was received by Affirmative Insurance, Inc, shortly after the charge was filed by Jackai in 2013. Plaintiff has met all administrative prerequisites to bringing this action.

5. Declaratory and injunctive relief is sought pursuant to 28 USC section 2001 and 2002, 29 USC sections 216(b) and 626(b), 42 USC section 1981 and 2000e-5(g).

6. Compensatory and punitive damages are available under 42 USC section 1981 and/or 42 USC section 1977A, and the pendant claims. Liquidated damages are available under 29 USC section 616(b).

7. Cost and Attorney's fees may be awarded pursuant to 29 USC section 216(b), 42 USC section 1988 and Fed. R Civ. p. 54.

### B. Venue

8. This action properly lies in the Northern District of Texas, Dallas Division, pursuant to 28 USC section 1391(b), because the claims arose in this judicial district.

### C. Parties

9. Plaintiff, Jackai is a citizen of the United States of America and a resident of Dallas County, Texas. He is by race Black having his ancestors from Black Africa.

10. Defendant Affirmative Services, Inc is an employer engages in an industry affecting interstate commerce and employs more than 20 regular employees.

### D. Facts

11. Jackai was interviewed by Affirmative Services, Inc, on or about August 2, 2012. On or about August 13, 2012 Jackai was retained. On or about March 19, 2013, he was discharged for pre-textual reasons.

12. Affirmative Services, Inc engaged in policies and practices which willfully or in the alternative unwillfully discriminated against Jackai on the basis of his age, race, national origin, sex and retaliation including but not limited to the following facts:

   a. Refusing to hire Jackai on or about April 16, 2012 on pre-textual

      reasons;

  b. Terminating Jackai on or about March 13, 2013 for pre-textual reasons;

  c. Failing to pay Jackai's fringe benefits and overtime;

  d. On information and belief denied Jackai promotion to store leader filing the position with younger female of U.S origin with lesser qualification than Jackai and basing selection on discriminatory factors such as age, race, sex and national origin;

  e. Not providing sufficient training to Jackai as required for Affirmative Services, Inc Agents.

13. At the time of discharge Jackai had not been paid for services performed for Affirmative Services, Inc.

14. As a result of his discharge Jackai suffered emotional distress and mental anguish.

15. Since his termination Jackai has not been able to find comparable work. On information and belief, Jackai 's difficulty in securing employment of a comparable nature is due to the information Affirmative Services, Inc. has communicated to prospective employers about the alleged reasons for the termination; and because Jackai has been forced to communicate these alleged reasons. Jackai will continue to be forced to do so in his continuing efforts to seek employment at a similar job.

E. Cause of Action

First Cause of Action

16. Plaintiff Jackai incorporates as if re-alleged in paragraph 1 through 15.

17. Because race, sex, age and national origin were motivating factor and made a difference in the working conditions to which Jackai was subjected and in the decision to discharge Jackai, and because Affirmative Services, Inc created a work environment hostile to black with national origin other than that of the United States, Affirmative Services, Inc violated Title VII of the Civil Rights Act of 1964, as amended in 1991, and 42 USC section 1981, as amended, with knowing or reckless disregard of the proscription of the laws.

Second Cause of Action

18. Plaintiff incorporates as re-alleged in paragraphs in 1 through 15.

19 Because age was a motivating factor and made a difference in hiring and working conditions to which Jackai was subjected and in the decision to hire and/or discharge him and because Affirmative Services, Inc created a working environment hostile to persons age 40 and over, Affirmative Services, Inc violated the Age Discrimination in Employment Act with knowing or reckless disregard for its proscription.

Third Cause of Action

20. Plaintiff Jackai incorporates as if re-alleged paragraph in 1 through 15.

21. Affirmative Services, Inc has defamed Jackai by speaking and/or writing and

circulating malicious untrue, and damaging comments about his job performance; alleging that Jackai violated company policy and further by forcing Jackai to publish to prospective employers the malicious, untrue, and damaging comments about his job performance, violated company policy and the reasons for his termination.

Fourth Cause of Action

22. Plaintiff Jackai incorporates as if re-alleged in paragraphs 1 through 15.

23. By subjecting Jackai to the circumstances surrounding his discharge and his inability to find comparable employment, Affirmative Services, Inc. has intentionally inflicted emotional distress and mental anguish on him.

Fifth Cause of Action

24. Plaintiff Jackai incorporates as if re-alleged in paragraph 1 through 15.

25. Because retaliation was a motivating factor and made a difference in working conditions to which Jackai was subjected to and the decision to discharge him and because Affirmative Services, Inc. created a work environment hostile to Jackai violated Title VII of the Civil Rights Act of 1964, as amended in 1991, and 42 USC section 1991, as amended, with knowing or reckless disregard of the proscription of those laws. After reporting company infraction on states rules to management and to the responsible state agency, Jackai was not awarded any further assignments thereby violating state and federal laws affecting whistleblowers.

F.  Prayer for Relief

26. Wherefore, Plaintiff, Jackai prays that this court:

    a. declare Affirmative Services, Inc in violation of his rights;

    b. enjoin Affirmative Services, Inc from engaging in such conduct;

    c. grant Plaintiff an order requiring the Defendants to reinstate Jackai to his former position or to a position similar in responsibility and pay, and to the same benefits.

    d. award him equitable relief of back pay and benefits from March 2013 and promotion;

    e Award him compensatory damages in the following amounts:

        i. at least $950,000.00 for emotional distress and mental anguish;

        ii at least $950,000.00 for injury to his reputation and good name;

        iii liquidated damages of double the back-pay award;

    g. award him costs and attorney's fees;  and award him such other and further relief that this court may deem just, proper and equitable.

Respectfully Submitted

Jimmy Jackai, Pro Se
1629 East Missouri
Dallas, Texas 75216
(214)372-0039

### Demand for Jury Trial

Plaintiff hereby demands a jury trial as provided by Rule 36(a) of the Federal Rules of Civil Procedure.

                                                                     _____
                                                                       Jimmy Jackai
                                                                       Pro Se

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff  **Dallas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Dallas**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro se

Attorneys *(If Known)*
**3-13CV3594-L**

RECEIVED SEP -9 2013 CLERK, U.S. DISTRICT NORTHERN DISTRICT OF TX

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Civil Right
Brief description of cause:
Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:

*(See instructions):*
JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE