IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIMMY-JACK JACKAI,          Plaintiff, | § § § | |
| v. | § | 3:13-CV-3594-L-BK |
| AFFIRMATIVE SERVICES, INC, et al.,          Defendants. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed this *pro se* employment discrimination action against his former employer, Affirmative Services, Inc., on September 9, 2013. (Doc. 3 at 1 and 3). The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending screening. The Court now recommends that all claims against Defendant Clarence Philip Seinen be summarily dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B) (providing for *sua sponte* dismissal of an *in forma pauperis* complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief).

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Here, the complaint fails to state any claim for relief against Defendant Seinen. *Twombly*, 550 U.S. at 561. Plaintiff names Defendant Seinen only in the caption of the

complaint. (Doc. 3). The body of the complaint neither mentions Seinen nor alleges any cause of action against him. *Id.* Although the Court issued a Questionnaire on September 18, 2013, inquiring whether Plaintiff sought to sue Seinen and, if so, the specific causes of action or claims that he was asserting against him (Doc. 8), Plaintiff failed to respond as ordered. Instead, Plaintiff has repeatedly requested extensions of time so that he can hire an attorney. (Doc. 12, 14, 16, 18). After granting Plaintiff's first three extension requests, the Court denied the fourth and directed Plaintiff to respond to the Questionnaire no later January 17, 2014. As of the date of this recommendation, however, Plaintiff has failed to do so.

For the foregoing reasons, it is recommended that all claims against Defendant Clarence Philip Seinen be summarily **DISMISSED** with prejudice for failure to state a claim. *See* [28 U.S.C. § 1915(e)(2)(B)](#).

SIGNED January 21, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

/s/ Renee Harris Toliver
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE