IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
DALLAS DIVISION

| | |
|---|---|
| JIMMY JACKAI<br>PLAINTIFF | )<br>)<br>)<br>) |
| V. | ) CASE NO 3:13-CV-3594-L-BK<br>) |
| AFFIRMATIVE SERVICES, Inc.<br>DEFENDANT | )<br>)<br>)<br>) |

<u>FIRST AMENDED ORIGINAL COMPLAINT
AND JURY DEMAND</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jimmy Jackai hereinafter referred to as Plaintiff, complaining of Affirmative Services, Inc. hereinafter referred to as Defendant, and for cause of action would respectfully show the court as follows:

A. Preliminary Statement

1. This action seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages, and costs and attorney's fees for age, racial, national origin and retaliatory discrimination suffered by Plaintiff Jimmy Jackai (hereinafter "Jackai") due to the hiring and working environment created by Defendants (hereinafter "Affirmative Services, Inc.") which is hostile to African/black persons having a national origin outside of the United States in the case of Jackai; and intentional or negligent infliction of emotional distress suffered by Jackai in his treatment while seeking and employed by Affirmative Services, Inc. which can be served with

1

Petition at the following address:

> AFFIRMATIVE SERVICES, INC
> 4450 SOJOURN DR, SUITE 500
> ADDISON, TX 75001-5094

B   Jurisdiction

2. This action arises under the age discrimination in employment act of 1967, as amended, 29 USC section 621 et seq.; the Fair labor standard Act, 2 USC section 216; Reconstruction Era civil Rights Act, 42 USC section 1981, as amended; Title VII of the Civil Rights Act of 1964, 42 USC section 2000e et,; the Civil Rights acts of 1991, 42 USC section 1981; and the common law of state of Texas

3. Jurisdiction over the federal claims is invoked pursuant to 28 USC section 1343(4); 29 USC sections 216(b), 626(c)(1) and 42 USC section 2000e-5(f); and over the state law pursuant to the doctrine of pendant or supplemental jurisdiction.

4. Jurisdiction over the federal claims is appropriate because on June 10, 2013, Jackai filed timely charges with the EEOC and the Texas Commission on Human Rights regarding discrimination and on the same day the EEOC/Department of Justice issued its Notice of Right to Sue. The notice of the charge was received by Affirmative Insurance, Inc, shortly after the charge was filed by Jackai in 2013. Plaintiff has met all administrative prerequisites to bringing this action.

5. Declaratory and injunctive relief is sought pursuant to 28 USC section 2001 and 2002, 29 USC sections 216(b) and 626(b), 42 USC section 1981 and 2000e-5(g).

6. Compensatory and punitive damages are available under 42 USC section 1981

and/or 42 USC section 1977A, and the pendant claims. Liquidated damages are available under 29 USC section 616(b).

7. Cost and Attorney's fees may be awarded pursuant to 29 USC section 216(b), 42 USC section 1988 and Fed. R Civ. p. 54.

B. Venue

8. This action properly lies in the Northern District of Texas, Dallas Division, pursuant to 28 USC section 1391(b), because the claims arose in this judicial district.

C. Parties

9. Plaintiff, Jackai is a citizen of the United States of America and a resident of Dallas County, Texas. He is by race Black having his ancestors from Black Africa.

10. Defendant Affirmative Services, Inc is an employer engages in an industry affecting interstate commerce and employs more than 20 regular employees.

D. Facts

11. Jackai was interviewed by Affirmative Services, Inc, on or about August 2, 2012. On or about August 13, 2012 Jackai was retained. On or about March 19, 2013, he was discharged for pre-textual reasons.

12. Affirmative Services, Inc engaged in policies and practices which willfully or in the alternative unwillfully discriminated against Jackai on the basis of his age, race,

3

national origin, sex and retaliation including but not limited to the following facts:

   a. Refusing to hire Jackai on or about April 16, 2012 on pre-textual reasons;

   b. Terminating Jackai on or about March 13, 2013 for pre-textual reasons;

   c. Failing to pay Jackai's fringe benefits and overtime;

   d. On information and belief denied Jackai promotion to store leader filing the position with younger female of U.S origin with lesser qualification than Jackai and basing selection on discriminatory factors such as age, race, sex and national origin;

   e. Not providing sufficient training to Jackai as required for Affirmative Services, Inc Agents.

13. At the time of discharge Jackai had not been paid for services performed for Affirmative Services, Inc.

14. As a result of his discharge Jackai suffered emotional distress and mental anguish.

15. Since his termination Jackai has not been able to find comparable work. On information and belief, Jackai 's difficulty in securing employment of a comparable nature is due to the information Affirmative Services, Inc. has communicated to prospective employers about the alleged reasons for the termination; and because Jackai has been forced to communicate these alleged reasons. Jackai will continue to be forced to do so in his continuing efforts to seek

employment at a similar job.

### E.  Cause of Action

<u>First Cause of Action</u>

16. Plaintiff Jackai incorporates as if re-alleged in paragraph 1 through 15.

17. Because race, sex, age and national origin were motivating factor and made a difference in the working conditions to which Jackai was subjected and in the decision to discharge Jackai, and because Affirmative Services, Inc created a work environment hostile to black with national origin other than that of the United States, Affirmative Services, Inc violated Title VII of the Civil Rights Act of 1964, as amended in 1991, and 42 USC section 1981, as amended, with knowing or reckless disregard of the proscription of the laws.

<u>Second Cause of Action</u>

18. Plaintiff incorporates as re-alleged in paragraphs in 1 through 15.

19 Because age was a motivating factor and made a difference in hiring and working conditions to which Jackai was subjected and in the decision to hire and/or discharge him and because Affirmative Services, Inc created a working environment hostile to persons age 40 and over, Affirmative Services, Inc violated the Age Discrimination in Employment Act with knowing or reckless disregard for its proscription.

Third Cause of Action

20.     Plaintiff Jackai incorporates as if re-alleged paragraph in 1 through 15.

21.     Affirmative Services, Inc has defamed Jackai by speaking and/or writing and circulating malicious untrue, and damaging comments about his job performance; alleging that Jackai violated company policy and further by forcing Jackai to publish to prospective employers the malicious, untrue, and damaging comments about his job performance, violated company policy and the reasons for his termination.

Fourth Cause of Action

22.     Plaintiff Jackai incorporates as if re-alleged in paragraphs 1 through 15.

23.     By subjecting Jackai to the circumstances surrounding his discharge and his inability to find comparable employment, Affirmative Services, Inc. has intentionally inflicted emotional distress and mental anguish on him.

Fifth Cause of Action

24.     Plaintiff Jackai incorporates as if re-alleged in paragraph 1 through 15.

25.     Because retaliation was a motivating factor and made a difference in working conditions to which Jackai was subjected to and the decision to discharge him and because Affirmative Services, Inc. created a work environment hostile to Jackai violated Title VII of the Civil Rights Act of 1964, as amended in 1991, and 42 USC section 1991, as amended, with knowing or reckless disregard of the proscription of those laws. After reporting company infraction on states rules to management and to the responsible state agency, Jackai was not awarded any further assignments thereby

violating state and federal laws affecting whistleblowers.

F.  Prayer for Relief

26.  Wherefore, Plaintiff, Jackai prays that this court:

a.  declare Affirmative Services, Inc in violation of his rights;

b.  enjoin Affirmative Services, Inc from engaging in such conduct;

c.  grant Plaintiff an order requiring the Defendants to reinstate Jackai to his former position or to a position similar in responsibility and pay, and to the same benefits.

d.  award him equitable relief of back pay and benefits from March 2013 and promotion;

e   Award him compensatory damages in the following amounts:

　　i.  at least $950,000.00 for emotional distress and mental anguish;

　　ii  at least $950,000.00 for injury to his reputation and good name;

　　iii  liquidated damages of double the back-pay award;

g.  award him costs and attorney's fees;  and

award him such other and further relief that this court may deem just, proper and equitable.

                                                        Respectfully Submitted,

                                            Jimmy Jackai, Pro Se
                                            1629 East Missouri
                                            Dallas, Texas 75216
                                            (214)372-0039

### Demand for Jury Trial

Plaintiff hereby demands a jury trial as provided by Rule 36(a) of the Federal Rules of Civil Procedure.

                                                          Jimmy Jackai
                                                        Pro Se

