**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
DALLAS DIVISION

| | |
|---|---|
| JIMMY JACKAI<br>PLAINTIFF<br><br>V.<br><br>AFFIRMATIVE SERVICES, Inc.<br>DEFENDANT | )<br>)<br>) CASE No. 3:13-cv-3594-L-BK<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>) |

<u>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff respectfully request the Court deny Defendant's Motion to Dismiss, or in the alternative, grant Plaintiff leave to amend his complaint in a manner consistent with the Court's opinion. In support thereof, state as follows:

A. INTODUCTION

1.  This action seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages, and costs and attorney's fees for age, racial, national origin and retaliatory discrimination suffered by Plaintiff, Jimmy Jackai (hereinafter "Plaintiff") due to the hiring and working environment created by Defendants (hereinafter "Affirmative Services, Inc.") which is hostile to African/black persons having a national origin outside of the United States in the case of Plaintiff; and intentional or negligent infliction of emotional distress suffered by Plaintiff in his treatment while seeking and employed by Affirmative Services, Inc.

1

B   Jurisdiction

2. This action arises under the age discrimination in employment act of 1967, as amended, 29 USC section 621 et seq.; the Fair labor standard Act, 2 USC section 216; Reconstruction Era civil Rights Act, 42 USC section 1981, as amended; Title VII of the Civil Rights Act of 1964, 42 USC section 2000e et,; the Civil Rights acts of 1991, 42 USC section 1981; and the common law of state of Texas

3. Jurisdiction over the federal claims is invoked pursuant to 28 USC section 1343(4); 29 USC sections 216(b), 626(c)(1) and 42 USC section 2000e-5(f); and over the state law pursuant to the doctrine of pendant or supplemental jurisdiction.

4. Jurisdiction over the federal claims is appropriate because on June 10, 2013, Plaintiff filed timely charges with the EEOC and the Texas Commission on Human Rights regarding discrimination and on the same day the EEOC/Department of Justice issued its Notice of Right to Sue. The notice of the charge was received by Affirmative Insurance, Inc, shortly thereafter the charge was filed by Plaintiff in 2013. Plaintiff has met all administrative prerequisites to bringing this action.

5. Declaratory and injunctive relief is sought pursuant to 28 USC section 2001 and 2002, 29 USC sections 216(b) and 626(b), 42 USC section 1981 and 2000e-5(g).

6. Compensatory and punitive damages are available under 42 USC section 1981 and/or 42 USC section 1977A, and the pendant claims. Liquidated damages are

available under 29 USC section 616(b).

7. Cost and Attorney's fees may be awarded pursuant to 29 USC section 216(b), 42 USC section 1988 and Fed. R Civ. p. 54.

### B. Venue

8. This action properly lies in the Northern District of Texas, Dallas Division, pursuant to 28 USC section 1391(b), because the claims arose in this judicial district.

### C. Parties

9. Plaintiff is a citizen of the United States of America and a resident of Dallas County, Texas. He is by race Black having his ancestors from Black Africa.

10. Defendant Affirmative Services, Inc is an employer engages in an industry affecting interstate commerce and employs more than 20 regular employees.

### D. Facts

11. Plaintiff was interviewed by Affirmative Services, Inc, on or about August 2, 2012 by Clarence P. Seinen. On or about August 13, 2012, Plaintiff was retained by Amanda Sheils, Caucasian. On or about March 19, 2013 he was discharged by Clarence P. Seinen, Caucasian, Affirmative Services, Inc., in a Texas Workforce Commission response stated that Plaintiff was discharged by Donna Robb, Caucasian and Store Manager for pre-textual reasons. Pre-textual reason being

that he had engaged in a conflict of interest situation by assisting someone for free out of the office in his own spare time, in a matter that did not involve any insurance transaction. Plaintiff's assisting someone for free was in accordance with Affirmative Services, Inc., initiatives to bring in new business, retain customers and deliberately solicited regular write-ups from agents to explain how they had gone the extra mile to assist customers and prospective clients. In two appeals to deny plaintiff his unemployment benefits, Texas Workforce Commission ruled in favor of Plaintiff for not violating Affirmative Services, Inc policy of not to engage in conflict of interest.

12. Affirmative Services, Inc engaged in policies and practices which willfully or in the alternative unwillfully discriminated against Plaintiff on the basis of his age, race, national origin, and retaliation including but not limited to the following facts:

   a. Refusing to hire Plaintiff on or about April 16, 2012 on pre-textual reasons; Defendant has a culture of hiring unlicensed high school graduates and training them to earn insurance licenses on the job, Plaintiff was qualified with and certified but was never offered employment at the time, however, the same resume sent in April, 2012 was targeted for employment in August, 2012

   b. Terminating Plaintiff on or about March 19, 2013 for pre-textual reasons; Pre-textual reason as explained in section 11.

   c. Failing to pay Plaintiff's fringe benefits ( about 80 hours) and overtime (over 150 hours);

4

Most high school graduates with no certification are hired on a pay rate of $13 per hour and are eligible for overtime whereas, others are paid a salary plus commission. Plaintiff was retained as a high school graduate with no license despite having a license, experience and college education. Plaintiff disputes his pay classification being that he has graduated from college and had experience selling insurance. Plaintiff was informed by the store manager that he had only 30 minutes for lunch everyday and no breaks contrary to state law requiring 15 minutes breaks, mornings and afternoons. Plaintiff arrived at work as scheduled 8:45AM and to leave work at 6:00PM closing time. A lot of clients came into the store to complete their insurance documents quite often after around 5:30PM and in most cases Plaintiff worked with clients until their insurance documentation was completed. While working in the Garland, Texas store, the district manager, Clarence Philip Seinen informed store manager, Donna Robb to watch plaintiff to avoid him recording overtime worked. In order to retain his job Plaintiff worked with clients beyond 6:00PM and did not record overtime worked. The manager was informed accordingly;

d. On information and belief Plaintiff was denied promotion to store leader filing the position with younger Caucasian/white female of U.S origin with lesser qualification than Plaintiff and basing selection on discriminatory factors such as age, race, sex and national origin; Plaintiff has a graduate degree including all required state licenses to lead a two an

person insurance store, such as, the A-Affordable insurance stores that Defendant ran all over Texas. Plaintiff had a lot of experience replacing or substituting managers of stores when they were on their leave of absences, yet when it came to promotion in store where the Plaintiff has replaced a terminating manager for over two months, Defendant instead hired a younger white female about ten years younger than plaintiff to lead the store. Plaintiff is above 50 years old and about 10 years older than the employee who was promoted. In order to avoid plaintiff from applying for the job, Affirmative Services, Inc advertised the job as requiring a store manager in, Plano, TX store instead of the Garland, TX store where I had been managing the business alone for close two months. Affirmative Services, Inc retained the new employee and Plaintiff had to help her learn the system, later Plaintiff informed that the new employee was the manager of the store. The previous manager Clarence Knighten is a black by race.

e. Not providing sufficient training to Plaintiff as required for Affirmative Services, Inc Agents. The main insurance software system AMS that most insurance companies use, was still in use by Affirmative Services, Inc. Plaintiff needed adequate knowledge and experience on the system in order to fully services customers. Older employees had it as a back-up system when the proprietary software used by Affirmative was down. It made plaintiff's work difficult when clients were in the store to prepare their insurance documents and Plaintiff could not use the back-up system

6

to help clients when the main system was down.

13. At the time of discharge Plaintiff had not been paid for services performed for Affirmative Services, Inc. Plaintiff's fringe benefits, overtime and transportation were not paid even though Texas workforce Commission found in two appeals that Plaintiff was not terminated because of conflict of interest as alleged by Affirmative Services, Inc.

14. As a result of his discharge Plaintiff suffered emotional distress and mental anguish.

15. Since his termination Plaintiff has not been able to find comparable work. On information and belief, Plaintiff 's difficulty in securing employment of a comparable nature is due to the information Affirmative Services, Inc. has communicated to prospective employers about the alleged reasons for the termination; and because Plaintiff has been forced to communicate these alleged reasons. Plaintiff will continue to be forced to do so in his continuing efforts to seek employment at a similar job. Plaintiff applied to the following insurance companies after leaving the employment of Affirmative Services, Inc. About two months after Plaintiff filed suit, Affirmative Services, Inc sold A-Affordable Insurance Stores.

Insurance companies Plaintiff has sought employment:

Liberty Mutual Insurance, Dallas. Texas

Horace Mann Insurance, Springfield, Illinois

Liberty Mutual Insurance, Rowlett, TX

US Lloyds Insurance Company - Hurst, TX 76053

Standard Casual Company in Dallas, TX 75202

American Income Life, Dallas, Texas

Amica Mutual Insurance Company in Plano, TX 75024

Travelers Insurance, Richardson, Texas

Mortgage Protection Insurance, Dallas, Texas

Tristate Financial Network, Dallas, TX

Member Insurance Agency in Dallas, TX

Allstate Insurance Company, Dallas, Texas

Humana Inc., headquartered in Louisville, Ky

SafeAuto Insurance Company, Dallas, Texas

UnitedHealthcare, Dallas, Texas

Farmers Insurance in Irving, TX

Innovative Insurance, North Richland Hills, TX

Insurance Network of Texas, Rockwall, Texas

Health Insurance Agent at Etech in Dallas, TX

Senior Life Services, Dallas, Texas

Property and Casualty Commercial Insurance, Dallas, TX

Alkali, LLC, Plano, Texas

Manpower. Insurance Agent, Dallas, Texas

Insphere Insurance Solutions in Dallas, TX

  Wells Fargo, Commercial Ins. Dallas, TX

  Extend health, Richardson, Texas

  F&R HealthCare, Dallas, Texas.

  Metlife Insurance, Dallas, Texas

      E.  Cause of Action

First Cause of Action

16. Plaintiff incorporates as if re-alleged in paragraph 1 through 15.

17. Because race, sex, age and national origin were motivating factor and made a difference in the working conditions to which Plaintiff was subjected and in the decision to discharge Plaintiff, and because Affirmative Services, Inc created a work environment hostile to black with national origin, moving Plaintiff one agency to another to replace absent managers, but not paying his transportation expenses other than that of the United States, replacing black managers with Caucasian/white females who do not sound foreign.
Affirmative Services, Inc violated Title VII of the Civil Rights Act of 1964, as amended in 1991, and 42 USC section 1981, as amended, with knowing or reckless disregard of the proscription of the laws.

Second Cause of Action

18. Plaintiff incorporates as re-alleged in paragraphs in 1 through 15.

19 Because age plaintiff is over 60 years was a motivating factor and made a difference in hiring and working conditions to which Plaintiff was subjected and

9

in the decision to hire and/or discharge him and because Affirmative Services, Inc created a working environment hostile to persons age 40 and over, Affirmative Services, Inc violated the Age Discrimination in Employment Act with knowing or reckless disregard for its proscription.

Third Cause of Action – Defamation and Slander

20.     Plaintiff incorporates as if re-alleged paragraph in 1 through 15.

21.     Affirmative Services, Inc has defamed Plaintiff by speaking and/or writing and circulating malicious untrue, and damaging comments about his job performance; alleging that Plaintiff violated company policy and further by forcing Plaintiff to publish to prospective employers the malicious, untrue, and damaging comments about his job performance, violated company policy and the reasons for his termination.

Fourth Cause of Action - IED

22.     Plaintiff incorporates as if re-alleged in paragraphs 1 through 15.

23.     By subjecting Plaintiff to the circumstances surrounding his discharge and his inability to find comparable employment, Affirmative Services, Inc. has intentionally inflicted emotional distress and mental anguish on him.

Fifth Cause of Action

24.     Plaintiff incorporates as if re-alleged in paragraph 1 through 15.

25. Because retaliation was a motivating factor and made a difference in working conditions to which Plaintiff was subjected to and the decision to discharge him and because Affirmative Services, Inc. created a work environment hostile to Plaintiff violated Title VII of the Civil Rights Act of 1964, as amended in 1991, and 42 USC section 1991, as amended, with knowing or reckless disregard of the proscription of those laws. After reporting company infraction on states rules to management and to the responsible state agency, Plaintiff was not awarded any further assignments thereby violating state and federal laws affecting whistleblowers.

### F. Prayer for Relief

26. Wherefore, Plaintiff, prays that this court:
    a. declare Affirmative Services, Inc in violation of his rights;
    b. enjoin Affirmative Services, Inc from engaging in such conduct;
    c. grant Plaintiff an order requiring the Defendants to reinstate Plaintiff to his former position or to a position similar in responsibility and pay, and to the same benefits.
    d. award him equitable relief of back pay and benefits from March 2013 and promotion;
    e  Award him compensatory damages in the following amounts:
        i. at least $950,000.00 for emotional distress and mental anguish;

    ii    at least $950,000.00 for injury to his reputation and good name;

    iii    liquidated damages of double the back-pay award;

g.    award him costs and attorney's fees; and

award him such other and further relief that this court may deem just, proper and equitable.

For the foregoing reasons, Plaintiff respectfully request the Court deny Affirmative Services Motion to Dismiss. Should the court find in favor of the Defendant on any argument, Plaintiff respectfully request leave to amend his complaint in a manner consistent with the Court's opinion.

Respectfully Submitted,

Jimmy Jackai, Pro Se
1629 East Missouri
Dallas, Texas 75216
(214)372-0039

## CERTICATE OF SERVICE

Plaintiff hereby certify that on June 12, 2014, Plaintiff filed this Response to Defendant's Motion to Dismiss with the Clerk of the Court, and will send notification of such to the attorney of record while plaintiff is also sending a copy by certified mail.

Jimmy Jackai, Pro Se