IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIMMY JACKAI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-3594-L** |
| | § | |
| **AFFIRMATIVE SERVICES, Inc.,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Affirmative Services Inc.'s ("Defendant") Motion to Dismiss For Failure to State a Claim (Doc. 32), filed March 27, 2014. After careful consideration of the motion, pleadings, record, and applicable law, the court **grants in part** and **denies in part** Defendant's Motion to Dismiss.

**I.   Factual and Procedural Background**

On February 21, 2014, Plaintiff Jimmy Jackai ("Plaintiff" or "Jackai"), a pro se litigant, filed his First Amended Original Complaint and Jury Demand (Doc. 24). On January 20, 2015, the court accepted and redesignated Plaintiff's Response to Defendant's Motion to Dismiss as his Second Amended Complaint and ordered the clerk of court to amend the docket to reflect the court's order.[1]

Although his Second Amended Complaint ("Complaint") is not a model of clarity, it alleges the following causes of action: (1) violations of Title VII for discrimination based on race, sex, and national origin; (2) violations of Title VII for retaliation; (3) violations of Title VII for hostile work

---

[1] The court hereafter refers to what is designated as Plaintiff's Response (Doc. 41) as his Second Amended Complaint. The order issued earlier today also directs the clerk of court to designate this document as Plaintiff's Second Amended Complaint.

environment; (4) violations of the Age Discrimination in Employment Act ("ADEA"); (5) defamation and slander; (6) intentional infliction of emotional distress; and (7) violations of the Fair Labor Standards Act ("FLSA").

Plaintiff's Complaint alleges that he was retained by "Amanda Sheils, Caucasian" and discharged by "Clarence P. Seinen, Caucasian." Pl.'s Sec. Am. Compl. ¶ 11. According to Plaintiff, Defendant discriminated against him by:

> a. Refusing to hire Plaintiff on or about April 16, 2012 for pre-textual reasons . . .;
> b. Terminating Plaintiff on or about March 13, 2013 for pre-textual reasons;
> c. Failing to pay Plaintiff's fringe benefits (about 80 hours) and overtime (over 150 hours) . . .;
> d. [Denying Plaintiff] promotion to store leader and filing [sic] the position with younger Caucasian/white female of U.S. origin with lesser qualification than Plaintiff and basing the selection on discriminatory factors such as age, race, sex and national origin . . . .;
> e. Not providing sufficient training to Plaintiff, as required for Affirmative Services, Inc Agents.

*Id.* ¶ 12. Plaintiff maintains that he "has a graduate degree including all required state licenses to lead two [sic] an [sic] person insurance store . . . ." *Id.*

Jackai also alleges that the Texas Workforce Commission "stated that [he] was discharged by Donna Robb, Caucasian and Store Manager for pre-textual reasons" and that it "ruled in favor of Plaintiff for not violating Affirmative Services, Inc. policy of not to engage in conflict of interest." *Id.* ¶ 11. He maintains that the "Texas [W]orkforce Commission found in two appeals that Plaintiff was not terminated because of conflict of interest as alleged by Affirmative Services, Inc." *Id.* ¶ 13.

Plaintiff also alleges that Defendant violated the FLSA. He asserts that Defendant failed to pay him fringe benefits and overtime. According to him, he worked from 8:45 a.m. to 6:00 p.m. He took thirty-minute lunches, received no breaks, and often stayed past 6:00 p.m. Plaintiff alleges that he "did not record overtime worked," and "[t]he manager was informed accordingly." Pl.'s Sec. Am. Compl. ¶ 12(c).

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355

F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

**III.   Analysis**

    **A.   Title VII and ADEA Claims**

Plaintiff alleges that Defendant violated Title VII and the ADEA when it failed to promote him and subsequently fired him because of his race, sex, national origin,[2] and age. He also alleges that Defendant illegally retaliated against him and created a hostile work environment. Pl.'s Sec. Am. Compl. ¶ 25. Defendant argues that Plaintiff's Title VII and ADEA claims must be dismissed because Plaintiff did not attach a copy of his administrative charge or allege facts to show that he exhausted his administrative remedies. Def.'s Mot. to Dismiss 9; *see also* Def.'s Reply 8.

Plaintiff's Complaint asserts that the court properly has jurisdiction, because "on June 10, 2013, Plaintiff filed timely charges with the EEOC and Texas Commission on Human Rights regarding discrimination and on the same day the EEOC/Department of Justice issued its Notice of Right to Sue." Pl.'s Sec. Am. Compl. ¶ 2.

---

[2] National origin, though often confused with race, refers to "the country where a person was born, or more broadly, the country from which his or her ancestors came." *Espinoza v. Farrah Mfg. Co.*, 414 U.S. 86, 88 (1973); *see also* 29 C.F.R. § 1606.1 ("[The Equal Employment Opportunity Commission] defines national origin discrimination broadly as including, but not limited to, the denial of equal employment opportunity because of an individual's, or his or her ancestor's, place of origin; or because an individual has the physical, cultural or linguistic characteristics of a national origin group.").

**Memorandum Opinion and Order - Page 5**

Exhaustion of administrative remedies is "a precondition to seeking this judicial relief." *Pacheco v. Mineta*, 448 F.3d 783, 795 (5th Cir. 2006). A Title VII cause of action may be based "not only on the specific allegations made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations." *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995); see also *Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1280 (5th Cir. 1994); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970). The scope of the lawsuit thereafter extends no further than the scope of the investigation that can reasonably be expected to grow out of the charge of discrimination. *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 577-78 (5th Cir.1993); *see also Brown v. Peterson*, No. 03-cv-0250, 2006 WL 349805, at *6 (N.D. Tex. February 3, 2006) ("[A] Title VII complaint 'may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.'") (citation omitted). "Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). The court's determination of the proper scope of the lawsuit is driven by the competing policies of promoting the "voluntary settlement of all issues without an action in the District Court," and expanding the scope of the lawsuit to recognize "the remedial and humanitarian underpinnings of [Title VII]." *Sanchez*, 431 F.2d at 461, 467.

Here, Plaintiff alleges that he received his right-to-sue letter on June 10, 2013, but he does not attach the letter to his complaint or allege facts describing the scope of the EEOC letter or investigation. This court is unable to determine whether Plaintiff has exhausted his administrative

**Memorandum Opinion and Order - Page 6**

remedies or whether his Complaint exceeds the scope of the EEOC charge. *Cf. Pacheco*, 448 F.3d at 795 (affirming the district court's dismissal under Rule 12(b)(1) because Plaintiff failed to exhaust administrative remedies for his disparate impact claim, as his administrative charge did not even suggest a claim for disparate impact). Based on Plaintiff's pleadings, the court cannot determine the scope of the EEOC charge and therefore cannot determine which of Plaintiff's claims "'can reasonably be expected to grow out of the charge of discrimination.'" *See McClain*, 519 F.3d at 273.

The court acknowledges that Plaintiff is proceeding pro se. *See Haines*, 404 U.S. at 520 (holding that a pro se plaintiff's complaint is held "to less stringent standards than formal pleadings drafted by lawyers . . . ."). Accordingly, while the court will grant Defendant's Motion to Dismiss, it will provide Plaintiff with one additional opportunity to file a third amended complaint and correct the deficiencies described in this section.[3] [4]

---

[3] The court notes that: "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." *Gupta v. East Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981). For the reasons described in this section, the court does not know whether Plaintiff's claims are within the scope of the EEOC charge or investigation and therefore cannot determine whether any of Plaintiff's Title VII claims are properly before it. Therefore, Plaintiff's retaliation and hostile work environment claims are included in this section.

Pleading a prima facie case of retaliation is not necessary to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 997 (2002). The court, nonetheless, will provide Plaintiff with the standard from which it will determine whether he has stated a claim upon which relief can be granted. To establish a *prima facie* case of retaliation, a plaintiff must show that: (1) he engaged in a protected activity; (2) he experienced an adverse employment action following the protected activity; and (3) a causal link existed between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (footnote and citation omitted); *Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001)*; Mota v. University of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001).

[4] The court also provides Plaintiff with the following standard for hostile work environment claims:

> To establish a claim of hostile work environment under Title VII, a plaintiff must prove he: (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action."

### B. Defamation and Slander

Plaintiff alleges that Defendant "defamed [him] by speaking and/or writing and circulating malicious untrue, and damaging comments about his job performance; alleging that plaintiff violated company policy . . . ." Pl.'s Sec. Am. Compl. ¶ 21. He further maintains that Defendant forced him "to publish to prospective employers the malicious, untrue, and damaging comments about his job performance, violated the company policy and reasons for his termination." *Id.*

Defendant contends that Plaintiff has not provided sufficient details "as to when the alleged defamatory statements were made, to whom they were made, by whom they were made, when and where they were made, and what exactly was said." Def.'s Mot. Dismiss 10. Defendant cites *Jackson v. Dallas Independent School District*, No. 98-1079, 1998 WL 386158, at *5 (N.D. Tex. July 2, 1998), which held that "[d]efamation claims must specifically state the time and place of the publication" to allow the defendant to raise the appropriate defenses. *See Jackson*, 1998 WL 386158 at *4 (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1309 at 698 (2d ed.1990)).

In Texas, a plaintiff who alleges defamation must show that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual

---

*Hernandez v. Yellow Transp. Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (citations omitted). While a plaintiff need not allege each of the elements of a prima facie case, he must set forth sufficient allegations from which the court can reasonably infer, assuming the allegations to be true, that Defendant could be liable for the misconduct alleged.

**Memorandum Opinion and Order - Page 8**

malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex.1998) (citation omitted); *see generally*, *New York Times v. Sullivan*, 376 U.S. 254, 279-80 (1964).

Here, Plaintiff is a private individual and must show that Defendant acted negligently regarding the alleged defamatory statements it made. Plaintiff's Complaint does not include any specific statements made by Defendant and is devoid of any allegations that would provide notice of the circumstances giving rise to the alleged defamation. Plaintiff alleges neither the time nor the place of the publication. He also failed to plead whether Defendant made these statements while acting negligently with regard to their truth. Even accepting Plaintiff's pleadings as true, the pleaded facts alone do not state a claim for defamation. Accordingly, the court will grant Defendant's Motion to Dismiss and provide Plaintiff an opportunity to file a third amended complaint.

### C. Intentional Infliction of Emotional Distress

Plaintiff alleges that "[b]y subjecting [him] to the circumstances surrounding his discharge and his inability to find comparable employment, Affirmative Services, Inc. has intentionally inflicted emotional distress and mental anguish on him." Pl.'s Sec. Am. Compl. ¶ 23. Defendant argues that Plaintiff's claim of intentional infliction of emotional distress ("IIED") must be dismissed because his IIED claims are "premised on the same alleged mistreatment as his discrimination and retaliation claims." Def.'s Mot. to Dismiss 10-11.

IIED is a "'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner

so unusual that the victim has no other recognized theory of redress," and its clear purpose is to provide "'a cause of action for egregious conduct that might otherwise go unremedied.'" *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (quotations omitted). The tort does not apply when the "'actor intends to invade some other legally protected interest, even if emotional distress results.'" *Id*. at 447.

Courts have also applied this doctrine to federal claims, particularly "where IIED claims are raised alongside Title VII claims." *See Johnson v. Blue Cross/Blue Shield of Texas*, 375 F. Supp. 2d 545, 549 (N.D. Tex. 2005) ("[T]he 'gravamen' of Plaintiff's Complaint is 'the very type of wrong the statutory remedy' provided by Title VII and the ADEA were meant to provide.") (citation omitted); *see also Nadeau v. Echostar*, No. 12-433, 2013 WL 1715429, at *3 (W.D. Tex. April 19, 2013) ( "Based on these straightforward precedents, federal district courts applying Texas law have consistently held that an IIED claim cannot arise from the same events and injuries that support a claim brought simultaneously by the same plaintiff under the ADA and ADEA.") (citations omitted). Here, Plaintiff alleges that his emotional distress arose from his discharge, which is the same factual circumstances giving rise to his discrimination claims. Because Plaintiff has statutory remedies available to him under Title VII and the ADEA, he is unable to sustain a claim for IIED, and the court will dismiss this claim.

### D.   FLSA Violations

Plaintiff alleges that Defendant failed to pay him fringe benefits totaling 80 hours, and overtime totaling 150 hours. Defendant argues that Plaintiff fails to state a claim upon which relief can be granted, as he has failed to provide "any factual context to support his FLSA claim." Def.'s Reply 14.

Plaintiff presumably seeks overtime compensation for Defendant's alleged violation of the following provision of the FLSA :

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207.

To survive a motion to dismiss, "a plaintiff must allege (1) that he was employed by the defendant; (2) that his work involved interstate activity; and (3) that he performed work for which he was undercompensated." *Coleman v. John Moore Servs. Inc.*, No. 13-2090, 2014 WL 51290, at *2 (S.D. Tex. Jan. 7, 2014). As to the last requirement, "[a]n employee bringing an FLSA action for unpaid overtime compensation 'must first demonstrate that []he has performed work for which []he alleges []he was not compensated.'" *Chambers v. Sears Roebuck and Co.*, 428 F. App'x 400, 408 (5th Cir. 2011) (*quoting Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 441 (5th Cir.2005)).

Accepting the well-pleaded facts as true, Plaintiff's Complaint states a claim upon which relief can be granted. Plaintiff alleges that he was employed by Defendant and that Defendant "engages in an industry affecting interstate commerce." Pl.'s Sec. Am. Compl. ¶ 3. He therefore pled sufficient facts to satisfy the first two requirements for pleading a FLSA claim.

Plaintiff's Complaint also satisfies the third requirement and provides Defendant with the factual circumstances for which his overtime arose; that is, he asserts the circumstances that resulted in him working in excess of forty hours per week. According to Plaintiff, he worked from 8:45 a.m. to 6:00 p.m. He took thirty-minute lunch breaks, received no additional breaks, and often stayed past 6:00 p.m., without recording overtime. Pl.'s Sec. Am. Compl. ¶ 11. Accepting the well-pleaded

**Memorandum Opinion and Order - Page 11**

facts as true, Plaintiff has stated a claim for a FLSA violation. Accordingly, the court will deny Defendant's Motion to Dismiss Plaintiff's FLSA claim.

### IV.  Conclusion

For the reasons stated herein, the court **grants** Defendant's Motion to Dismiss as to Plaintiff's claims under Title VII for discrimination, retaliation, and harassment; claims under the ADEA for age discrimination; and claims for defamation and slander. The court will allow the Plaintiff 30 days to file a third amended complaint, so that he has an opportunity to replead these claims in accordance with the standards herein set forth and to correct the deficiencies noted by the court. Plaintiff's third amended complaint shall be filed no later than **February 19, 2015.** The court will provide Plaintiff no further opportunities to amend his pleadings, as he will have had "four bites at the apple" after he files his third amended complaint.[5] If Plaintiff fails to file his third amended complaint by the stated date, the court will dismiss with prejudice his claims pursuant to Rule 12(b)(6) or without prejudice pursuant to Rule 41(b) for failure to prosecute or comply with a court order.

The court also **grants** Defendant's Motion to Dismiss Plaintiff's claim for IIED and **dismisses with prejudice** this claim. The court **denies** Defendant's Motion to Dismiss as to Plaintiff's claim for overtime violations under the FLSA.

---

[5] "[A]t some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citation omitted).

**It is so ordered** this 21st day of January, 2015.

                                                  Sam A. Lindsay
                                                  United States District Judge